Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Martha M. Stillwagon**
Debtor(s)

Bankruptcy Case No.: 16–21381–GLT
Issued Per 11/10/2016 Proceeding
Chapter: 13
Docket No.: 39 – 26
Concil. Conf.: November 10, 2016 at 09:00 AM

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

    IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated May 6, 2016 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☒ A.   For the remainder of the Plan term, the periodic Plan payment is amended to be $4,031.00 as of November, 2016. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.   The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.   Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Nov. 10, 2016 at 09:00 AM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.   Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.   The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.   shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☒ G.   The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: Claim No. 7 of The IRS, Claim No. 4 of County of Allegheny and Claim No. 12 of Wilmington Savings Fund .

☐ H.   Additional Terms:

*(2.)* **IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:**

**A.** **Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.** **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.** **Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.** **Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.** **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)* **IT IS FURTHER ORDERED THAT:**

**A.** After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.** Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.** Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.** Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.** The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.** In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

_____
Gregory L. Taddonio, Judge
United States Bankruptcy Court

Dated: November 14, 2016

cc:  All Parties in Interest to be served by Clerk in seven (7) days

```
                            United States Bankruptcy Court
                           Western District of Pennsylvania
In re:                                                                  Case No. 16-21381-GLT
Martha M. Stillwagon                                                    Chapter 13
         Debtor
                                  CERTIFICATE OF NOTICE
District/off: 0315-2         User: dbas                  Page 1 of 2                  Date Rcvd: Nov 14, 2016
                             Form ID: 149                Total Noticed: 27


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 16, 2016.
db             +Martha M. Stillwagon,    8147 Nixon Road,    Pittsburgh, PA 15237-4611
cr             +Peoples Natural Gas Company, LLC,    Attn: Dawn Lindner,    225 North Shore Drive,
                 Pittsburgh, PA 15212-5861
14240126        Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC 28272-1083
14211828        Capital One Bank USA, NA,    American Inforsource, LP,    P.O. Box 71083,
                 Charlotte, North Carolina 28272-1083
14239404       +County of Allegheny,    c/o Goehring Rutter & Boehm,    437 Grant Street, 14th Floor,
                 Pittsburgh, PA 15219-6101
14211830       +Equitable Gas Bankruptcy Department,    Attn: Judy Gawlowski,    225 North Shore Drive, 2nd Floor,
                 Pittsburgh, Pennsylvania 15212-5860
14211832       +George Hollanberger, Jr.,    314 Blaze Drive,    Glenshaw, PA 15116-1012
14211835       +John Vlakancic,    3834 Perrysville Avenue,    Pittsburgh, PA 15214-1832
14211836       +North Allegheny School District,    9955 Grubbs Road,    Wexford , PA 15090-9644
14215006       +North Allegheny School District,    c/o Maiello Brungo & Maiello, LLP,
                 100 Purity Road, Suite 3,    Pittsburgh, PA 15235-4441
14211840       +Resurgent Capital Services,    P.O. Box 228,    Greenville, SC 29602
14211841       +Santander Consumer USA,    PO Box 560284,    Dallas , Texas 75356-0284
14211842       +Select Portfolio Servicing, Inc.,    P.O. Box 65450,    Salt Lake City, UT 84165-0450
14211843       +Town of McCandless,    9955 Grubbs Road,    Wexford, PA 15090-9645
14211844        Wells Fargo Home Mortgage,    PO Box 14411,    Des Moines, Iowa 50306-3411
14288288        Wilmington Savings Fund Society, FSB, d/b/a Christ,     Select Portfolio Servicing, Inc.,
                 P.O. Box 65250,    Salt Lake City, UT 84165-0250

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14211829       +E-mail/Text: DQENOTICES@BERNSTEINLAW.COM Nov 15 2016 02:54:10      Duquesne Light Company,
                 411 Seventh Avenue, MD 6-1,    Pittsburgh, Pennsylvania 15219-1942
14288185       +E-mail/Text: DQENOTICES@BERNSTEINLAW.COM Nov 15 2016 02:54:10      Duquesne Light Company,
                 c/o Peter J. Ashcroft,,    Bernstein-Burkley, P.C.,,    707 Grant St., Suite 2200, Gulf Tower,,
                 Pittsburgh, PA 15219-1945
14211831        E-mail/Text: bnc-bluestem@quantum3group.com Nov 15 2016 02:53:59
                 Fingerhut Credit Account Services,    PO Box 1250,    St. Could, Minnesota 56395-1250
14211833        E-mail/Text: cio.bncmail@irs.gov Nov 15 2016 02:53:22      Internal Revenue Service,
                 Centralized Insolvency Operations,    P.O. Box 21126,    Philadelphia, Pennsylvania 19114-0326
14211834        E-mail/Text: JCAP_BNC_Notices@jcap.com Nov 15 2016 02:53:50      Jefferson Capital Systems, LLC,
                 P.O. Box 7999,    St. Cloud, Minnesota 56302
14287762        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Nov 15 2016 03:17:45
                 Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
14211837        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Nov 15 2016 02:53:31
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, Pennsylvania 17128-0946
14281112       +E-mail/Text: JCAP_BNC_Notices@jcap.com Nov 15 2016 02:53:51      Premier Bankcard, Llc,
                 c o Jefferson Capital Systems LLC,    Po Box 7999,    Saint Cloud Mn 56302-7999
14211838       +E-mail/Text: csidl@sbcglobal.net Nov 15 2016 02:53:56      Premier Bankcard/Charter,
                 P.O. Box 2208,    Vacaville, CA 95696-8208
14285682        E-mail/Text: bnc-quantum@quantum3group.com Nov 15 2016 02:53:27
                 Quantum3 Group LLC as agent for,    GPCC I LLC,    PO Box 788,    Kirkland, WA 98083-0788
14211839       +E-mail/Text: bnc-quantum@quantum3group.com Nov 15 2016 02:53:27      Quantum3 Group, LLC,
                 P.O. Box 788,    Kirkland, WA 98083-0788
                                                                                              TOTAL: 11

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr               Allegheny County
cr               DLJ Mortgage Capital, Inc.
cr               Duquesne Light Company
cr*             +North Allegheny School District,    c/o Maiello Brungo & Maiello, LLP,   100 Purity Road,
                  Suite 3,    Pittsburgh, PA 15235-4441
                                                                                                TOTALS: 3, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 16, 2016                                Signature:  /s/Joseph Speetjens

```
District/off: 0315-2          User: dbas              Page 2 of 2            Date Rcvd: Nov 14, 2016
                              Form ID: 149            Total Noticed: 27
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 14, 2016 at the address(es) listed below:
              Andrew F Gornall    on behalf of Creditor   DLJ Mortgage Capital, Inc. agornall@goldbecklaw.com,
               bkgroup@goldbecklaw.com;bkgroup@kmllawgroup.com
              Francis E. Corbett    on behalf of Debtor Martha M. Stillwagon fcorbett@fcorbettlaw.com,
               fcorbett7@gmail.com
              Jeffrey R. Hunt    on behalf of Creditor   Allegheny County jhunt@grblaw.com,  cnoroski@grblaw.com
              Jennifer L. Cerce    on behalf of Creditor   North Allegheny School District jlc@mbm-law.net
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Peter J. Ashcroft    on behalf of Creditor   Duquesne Light Company pashcroft@bernsteinlaw.com,
               ckutch@ecf.courtdrive.com;pashcroft@ecf.courtdrive.com;pghecf@bernsteinlaw.com;cabbott@ecf.courtd
               rive.com
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              S. James Wallace    on behalf of Creditor   Peoples Natural Gas Company, LLC sjw@sjwpgh.com,
               Equitablebankruptcy@peoples-gas.com;srk@sjwpgh.com
                                                                                             TOTAL: 8
```